1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CHARLES EUBANKS,

                                    Petitioner,

          v.

RENEE BAKER, *et al.*,

                                    Respondents.

Case No. 3:16-cv-00336-MMD-WGC

ORDER

This action is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Charles Eubanks, a Nevada prisoner. Eubanks initiated this action on June 16, 2016, by filing an application to proceed *in forma pauperis*, along with his habeas corpus petition (attached to application to proceed *in forma pauperis*), a motion for appointment of counsel, and a motion for leave to file excess pages. (ECF No. 1.) The Court denied Eubanks' *in forma pauperis* application, and he has since paid the filing fee. (ECF Nos. 3 and 4.)

The Court has reviewed Eubanks' petition, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and determines that it merits service upon the respondents. Respondents will not be required to respond to the petition at this time, however, as the Court anticipates that, with counsel, Eubanks will likely file an amended petition.

The Court will grant Eubanks' motion for appointment of counsel. "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless

the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir.1970) (per curiam). The court may, however, appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *Chaney*, 801 F.2d at 1196. It appears likely that there will be relatively complex issues to be addressed in this case that Eubanks may not be able to adequately litigate without counsel. Therefore, the Court finds that appointment of counsel is in the interests of justice.

It is therefore ordered that the Clerk of the Court shall separately file the petition for writ of habeas corpus and the motions currently attached to the *in forma pauperis* application at ECF No. 1.

It is further ordered that the clerk of the court shall add Adam Paul Laxalt, Attorney General of the State of Nevada, as counsel for respondents.

It is further ordered that the Clerk shall electronically serve upon respondents a copy of the petition for writ of habeas corpus, and a copy of this order.

It is further ordered that respondents shall have 20 days from the date on which the petition is served upon them to appear in this action. Respondents will not be required to respond to the habeas petition at this time.

It is further ordered that petitioner's Motion for Appointment of Counsel is granted. The Federal Public Defender for the District of Nevada (FPD) is appointed to represent petitioner. If the FPD is unable to represent the petitioner, due to a conflict of interest or other reason, then alternate counsel will be appointed. In either case, counsel will represent the petitioner in all federal-court proceedings relating to this matter, unless allowed to withdraw.

It is further ordered that the Clerk electronically serve upon the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus.

///

It is further ordered that the FPD will have twenty (20) days from the date of entry of this order to file a notice of appearance, or to indicate to the Court its inability to represent the petitioner in this case.

It is further ordered that the Court will establish a schedule for further proceedings after counsel appear for the petitioner and the respondents.

It is further ordered that petitioner's motion for leave to file excess pages is granted. This proceeding is exempt from this Court's Local Rule, LR 7-3.

DATED THIS 22nd day of July 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE