UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES EUBANKS,<br><br>　　　　　　　　　　Petitioner,<br><br>　　v.<br><br>RENEE BAKER, *et al.*,<br><br>　　　　　　　　　　Respondents. | Case No. 3:16-cv-00336-MMD-WGC<br><br>ORDER |

　　　　Petitioner Eubanks has filed a motion for leave to amend his federal habeas petition. (ECF No. 29.) Eubanks has already filed one amended petition (ECF No. 16) but represents to the Court that he requires several months of review, investigation, and preparation before an adequate amended petition can be filed. Respondents have filed no response to the motion.

　　　　Under 28 U.S.C. § 2242, a petition for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." Federal Rule of Civil Procedure 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to grant leave to amend rests in the sound

discretion of the trial court. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (citing *Outdoor Sys., Inc. v. City of Mesa*, 997 F.2d 604, 614 (9th Cir.1993)). "In exercising its discretion 'a court must be guided by the underlying purpose of Rule 15 — to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

This Court finds that the factors that normally weigh against allowing amendment — i.e., bad faith, undue delay, prejudice to the opposing party — are absent here. *See Bonin*, 59 F.3d at 845 (discussing factors to be considered under Fed. R. Civ. P. 15(a)(2)). In addition, Eubanks' interest in having all of his potential claims for relief placed before the Court outweighs actors weighing against allowing amendment. Moreover, respondents have not opposed the request for leave to amend. Thus, the motion will be granted. *See Webb*, 655 F.2d at 979 ("Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" (Citation omitted.)).

It is therefore ordered that petitioner's motion for leave to amend (ECF No. 29) is granted. Petitioner will file an amended petition for writ of habeas corpus on or before June 5, 2017, which must include all known grounds for relief (both exhausted and unexhausted).

It is further ordered that counsel for respondents will have sixty (60) days after the filing of the amended petition within which to answer, or otherwise respond to the petition.

Petitioner will have forty-five (45) days following service of an answer by respondents to file and serve a reply. Respondents will thereafter have thirty (30) days following service of a reply to file and serve a response to the reply.

If respondents file a motion to dismiss, petitioner will have thirty (30) days following service of the motion to file and serve an opposition to the motion. Respondents will thereafter have thirty (30) days following service of the opposition to the motion to file and serve a reply.

///

1 It is further ordered that petitioner's motion to partially waive Local Rule IA 10-3(E)
2 (ECF No. 28) is granted.
3 DATED THIS 5th day of April 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3