UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CHARLES EUBANKS,

    Petitioner,

v.

RENEE BAKER, *et al.*,

    Respondents.

Case No. 3:16-cv-00336-MMD-WGC

ORDER

Petitioner Eubanks has filed a motion for leave to amend his federal habeas petition. (ECF No. 37.) Eubanks has already filed two amended petitions (ECF Nos. 16 and 31) but represents to the court that his second amended petition was not properly pled because "there were duplicate claims, the unexhausted ineffective assistance of appellate counsel claims were probably no longer viable as a result of recent Supreme Court authority, the evidentiary support for some of the allegations had not been included, several claims were unorganized, and some of the ineffectiveness claims had been pled as *Brady* violations but had not been included within the *Brady* claim." (ECF No. 37 at 2.)

Under 28 U.S.C. § 2242, a petition for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." Federal Rule of Civil Procedure 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R.

Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to grant leave to amend rests in the sound discretion of the trial court. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (citing *Outdoor Sys., Inc. v. City of Mesa*, 997 F.2d 604, 614 (9th Cir.1993)). "In exercising its discretion 'a court must be guided by the underlying purpose of Rule 15 — to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

This Court finds that the factors that normally weigh against allowing amendment — i.e., bad faith, undue delay, prejudice to the opposing party — are absent here. *See Bonin*, 59 F.3d at 845 (discussing factors to be considered under Fed. R. Civ. P. 15(a)(2)). Moreover, respondents have filed a response indicating that they do not oppose the request for leave to amend. (ECF No. 40.) Thus, the motion will be granted. *See Webb*, 655 F.2d at 979 ("Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" (Citation omitted.)).

It is therefore ordered that petitioner's motion for leave to amend (ECF No. 37) is granted. The Clerk of the Court will file as a separate docket entry the "third amended petition for writ of habeas corpus" currently attached to petitioner's motion (ECF No. 37-1).

It is further ordered that respondents motion for extension of time (ECF No. 39) is denied as moot. Respondents will have sixty (60) days from the date this order is entered within which to answer, or otherwise respond to the petition.

Petitioner will have forty-five (45) days following service of an answer by respondents to file and serve a reply. Respondents will thereafter have thirty (30) days following service of a reply to file and serve a response to the reply.

If respondents file a motion to dismiss, petitioner will have thirty (30) days following service of the motion to file and serve an opposition to the motion. Respondents will

thereafter have thirty (30) days following service of the opposition to the motion to file and serve a reply.

DATED THIS 25th day of October 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE