UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES EUBANKS,<br><br>  Petitioner,<br>  v.<br><br>RENEE BAKER, *et al.*,<br><br>  Respondents. | Case No. 3:16-cv-00336-MMD-CSD<br><br>ORDER |

**I.   SUMMARY**

In this habeas corpus action brought by Nevada prisoner Charles Eubanks, Respondents have filed a motion to dismiss, arguing that one ground for relief in Eubanks' third amended petition (ECF No. 43) is not cognizable in a federal habeas proceeding and that several other grounds are procedurally defaulted.[1] (ECF No. 58 ("Motion").) For the reasons stated below, the Court will grant in part and deny in part the Motion.

**II.   BACKGROUND**

In August 2013, at the end of an eight-day trial in Nevada's Fifth Judicial District Court (Nye County), a jury found Eubanks guilty of (1) murder with use of a deadly weapon, (2) attempted murder with the use of a deadly weapon, and (3) attempted robbery with the use of a deadly weapon. (ECF Nos. 21-24.) After a sentencing hearing, the jury returned a verdict of life imprisonment without the possibility of parole for the murder. (ECF Nos. 25, 25-1.) The state district court entered a judgment of conviction (ECF No. 25-2), and Eubanks appealed (ECF No. 25-4).

---

[1]Eubanks has opposed the Motion (ECF No. 61), and Respondents have replied (ECF No. 65).

After the Nevada Supreme Court affirmed the judgment of conviction in October 2014 (ECF No. 25-26), Eubanks filed a petition for writ of habeas corpus in the state district court (ECF No. 26-1). That proceeding resulted in the state district court summarily dismissing the petition (ECF No. 26-7) but entering a first amended judgment of conviction (ECF No. 26-6), then shortly thereafter, a second amended judgment of conviction (ECF No. 27-1). In addition to the sentence of life imprisonment without the possibility of parole imposed by the jury, the state district court sentenced Eubanks to five consecutive terms ranging from four to 20 years. (*Id*.)

Eubanks appealed the dismissal of his petition. (ECF No. 27-2.) The Nevada Supreme Court ordered a limited remand for the state district court to enter an order that contained specific findings of fact and conclusions of law. (ECF No. 27-9.) After the state district court entered an amended order dismissing Eubanks' petition (ECF No. 27-10), the Nevada Supreme Court affirmed the lower court's decision (ECF No. 27-15).

Eubanks initiated this federal habeas corpus action, *pro se*, on June 13, 2016. (ECF No. 1-1). The Court granted Eubanks' motion for appointment of counsel and appointed the Office of the Federal Public Defender. (ECF No. 5.) On February 8, 2017, Eubanks filed a first amended petition and moved for leave to file a second amended petition. (ECF Nos. 16, 29.) The Court granted the motion (ECF No. 30), and on June 5, 2017, Eubanks filed a second amended petition (ECF No. 31). Less than two months later, Eubanks filed another motion for leave to file an amended petition (ECF No. 37), which was also granted (ECF No. 42).

When Respondents moved to dismiss (ECF No. 45) Eubanks' third amended petition (ECF No. 43), Eubanks filed a motion for stay and abeyance (ECF No. 48). The Court granted that motion and stayed this case to allow Eubanks to pursue exhaustion. (ECF No. 51.) Eubanks filed a post-conviction petition for a writ of habeas corpus in state district court (ECF No. 59-1) that the court dismissed (ECF No. 59-2). The Nevada

Supreme Court affirmed the lower court's dismissal on procedural grounds. (ECF No. 54-1.)

On December 9, 2021, the Court granted Eubanks' motion to reopen these proceedings. (ECF No. 55.) On May 9, 2022, Respondents filed the motion to dismiss now before the Court. (ECF No. 58.)

## III.   DISCUSSION

### A.   Cognizability

Respondents argue that Ground 3 of Eubanks' third amended petition fails to state a cognizable claim for federal habeas relief. In Ground 3, Eubanks alleges that his constitutional rights were violated by the erroneous admission of bad act evidence as consciousness of guilt and res gestae. (ECF No. 43 at 18-20.) The claims refers to the admission of evidence that Eubanks burned evidence on the day of the alleged crime and later sought to circulate the witness list attached to his formal charging document with the expectation that the witnesses would be killed. *(Id.)*

Respondents are correct that a state law error in a state court's evidentiary ruling fails to state a cognizable claim on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (finding issues regarding state law are not cognizable on federal habeas corpus review and it is not the province of the federal habeas court to re-examine state-court determinations on state-law questions). To the extent Eubanks argues that the state court's evidentiary rulings violated his constitutional right to a fair trial under the Sixth and Fourteenth Amendments, his claim fails because "[u]nder AEDPA, even clearly erroneous admissions of evidence that render a trial fundamentally unfair may not permit the grant of federal habeas corpus relief if not forbidden by 'clearly established Federal law,' as laid out by the Supreme Court." *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009) (citation omitted). No Supreme Court precedent holds that the admission of

irrelevant or prejudicial evidence constitutes a constitutional violation sufficient to warrant habeas relief. Thus, Ground 3 must be dismissed.

### B. Procedural Default

Respondents contend that Grounds 5(8-15), 6, and 7 of Eubanks' third amended habeas petition are barred by the procedural default doctrine because they were presented to the state court, for the first time, in Eubanks' second state habeas petition (ECF No. 59-1). The state district court dismissed that petition on procedural grounds, ruling that it was untimely under NRS § 34.726, successive under NRS § 34.810, and barred by the laches doctrine under NRS § 34.800. (ECF No. 59-2.) The Nevada Supreme Court affirmed the lower court's dismissal on the foregoing procedural grounds and determined that Eubanks failed to demonstrate good cause and prejudice or a fundamental miscarriage of justice to overcome the procedural bars. (ECF No. 54-1.)

A federal court will not review a claim for habeas corpus relief if the state court's dismissal of the claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991). The *Coleman* Court stated the effect of a procedural default as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). Before a federal court finds procedural default, it must determine that the state court explicitly invoked a state procedural bar as a separate basis for its decision. *See id*. at 729-30; *McKenna v. McDaniel*, 65 F.3d 1483, 1488 (9th Cir.1995), *cert. denied*, 517 U.S. 1150 (1996).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state

procedural rule. *Carrier*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

### 1. Grounds 5(8-15)

In Ground 5, Eubanks claims he was deprived of his constitutional right to effective assistance of counsel and alleges 15 separate subclaims. (ECF No. 43 at 22-55.) Eubanks does not dispute that the claims are procedurally defaulted, but argues that he can overcome the defaults under *Martinez v. Ryan*, 566 U.S. 1 (2012). In *Martinez*, the Supreme Court created a narrow exception to the general rule that errors of post-conviction counsel cannot provide cause for a procedural default. *See* 566 U.S. at 16-17. "Under *Martinez*, the procedural default of a substantial claim of ineffective assistance of trial counsel is excused, if state law requires that all claims be brought in the initial collateral review proceeding . . . and if in that proceeding there was no counsel or counsel was ineffective." *Ramirez v. Ryan*, 937 F.3d 1230, 1241 (9th Cir. 2019) (citing *Martinez*, 566 U.S. at 17).

To establish cause and prejudice to excuse the procedural default of a trial-level ineffective assistance of counsel (IAC) claim under *Martinez*, a petitioner must show that:

> (1) post-conviction counsel performed deficiently; (2) there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different, and (3) the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Ramirez*, 937 F.3d at 1242 (internal quotation omitted). The first and second "cause" prongs of the *Martinez* test are derived from *Strickland v. Washington*, 466 U.S. 668 (1984). *Id*. at 1241. The Court's inquiry under the second prong—whether there was a reasonable probability that the result of the post-conviction proceedings would be different—"is necessarily connected to the strength of the argument that trial counsel's assistance was ineffective." *Id*. (quoting *Clabourne v. Ryan*, 745 F.3d 362, 377 (9th Cir. 2014), *overruled on other grounds by McKinney v. Ryan*, 813 F.3d 798, 819 (9th Cir. 2015) (en banc)). The third "prejudice" prong directs courts to assess the merits of the underlying IAC claim. *Id*. A procedural default will not be excused if the underlying IAC claim "is insubstantial," i.e., it lacks merit or is "wholly without factual support." *Id*. (quoting *Martinez*, 566 U.S. at 14-16).

Here, Eubanks was not appointed counsel in his initial collateral review proceeding. As for the remainder of the *Martinez* analysis, the parties' briefing on the motion to dismiss lacks a sufficient analysis of the merits of the underlying ineffective-assistance of trial counsel claims. The Court therefore defers its determination as to whether Eubanks can excuse the procedural default of Grounds 5(8-15) until the parties have briefed the merits of the claims. The motion to dismiss those grounds as procedurally defaulted is denied without prejudice.

### 2.     Ground 6

In Ground 6, Eubanks alleges a constitutional violation under *Brady v. Maryland*, 373 U.S. 83 (1963), due to the State's suppression of exculpatory material evidence. (*Id*. at 55-66.) He argues that he did not default Ground 6 under an independent state procedural rule because the Nevada Supreme Court's application of the procedural bars was interwoven with federal law. (ECF No. 61 at 8-11.) He contends that the procedural rules have a cause-and-prejudice exception that requires the state court to consider the underlying merits of a petitioner's *Brady* claim and that Ground 6 was dismissed only after

the Nevada Supreme Court conducted a federal analysis of its merits. (*Id*.) Alternatively, he argues that he can show cause and prejudice to overcome the default. (*Id*. at 11-15.)

In *Cooper v. Neven*, the Ninth Circuit concluded that the application of Nevada's timeliness and successiveness bars to the petitioner's *Brady* claims was not "independent" because "the Nevada Supreme Court explicitly relied on its federal *Brady* analysis as controlling the outcome of its state procedural default analysis." 641 F.3d 322, 332 (9th Cir. 2011). The court reasoned that, "[u]nlike other cases, where discussion of the merits of a claim occurs simply to determine whether the claim could have been raised earlier, here the claim is itself the justification for the default." *Id*. at 333. In Eubanks' second state habeas proceeding, the Nevada Supreme Court relied on a *Brady* analysis to determine that he could not establish cause and prejudice to excuse the default of the same *Brady* claim he raises as Ground 6 in this Court. (ECF No. 54-1.)

Based on *Cooper*, the Court concludes that Ground 6 is not procedurally defaulted. Accordingly, the Court need not address Eubanks' alternative argument that he can show cause and prejudice to overcome the default.

### 3. Ground 7

In Ground 7, Eubanks alleges that he was deprived of his constitutional right to a fair trial due the cumulative effect of errors alleged in his petition. (ECF No. 43 at 66-67.) He argues that, notwithstanding his failure to present a cumulative error claim until his second state habeas proceeding, the Court must nonetheless consider the cumulative impact of errors properly brought before it. The Court agrees. *See Killian v. Poole*, 282 F.3d 1204, 1211 (9th Cir. 2002) (stating that "even if no single error were prejudicial, where there are several substantial errors, 'their cumulative effect may nevertheless be so prejudicial as to require reversal.'") (quoting *United States v. de Cruz*, 82 F.3d 856, 868 (9th Cir.1996)).

///

### IV. CONCLUSION

It is therefore ordered that Respondents' motion to dismiss (ECF No. 58) is granted, in part, and denied, in part. Ground 3 of Eubanks' third amended petition (ECF No. 43) is dismissed.

It is further ordered that Respondents have 60 days from the date of entry of this order to file an answer to the remaining grounds for relief in the petition. Eubanks will have 60 days from the date on which the answer is served on him to file and serve a reply.

DATED THIS 19th Day of October 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE